IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EVA C. MATTHEWS, | ) | |
| | ) | |
| PLAINTIFF, | ) | (WO) |
| | ) | |
| v. | ) | CASE NO. 1:03-cv-567-F |
| | ) | |
| LES BROWNLEE, | ) | |
| | ) | |
| DEFENDANT. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Plaintiff's Motion to Quash and for Protective Order Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (Doc. # 62). By this motion, Plaintiff seeks to quash two depositions currently noticed for August 31, 2005 and September 2, 2005. The sole objection Plaintiff makes to this depositions is that discovery in this matter has closed. It is true that Defendant is seeking to schedule these depositions after the close of discovery in this case; however, Defendant has made it clear that these depositions sought are trial depositions not discovery depositions. Moreover, it is obvious to this Court that the witnesses Defendant seeks to depose are outside of the reach of this Court's subpoena power. Accordingly, Defendant seeks these depositions for use pursuant to Federal Rule of Civil Procedure 32(a)(3). Where as here, a requested deposition is not for purposes of discovery, but rather is taken for purposes of obtaining the testimony of a person unavailable for trial or outside of the reach of the Court's subpoena powers, the deposition may be taken after the close of discovery. *See, e.g., Charles v. Wade,* 665 F.2d 661, 664 (5th

Cir. Unit B Jan. 11, 1982).[1]  Indeed, in such circumstances, this Court would abuse its discretion if it granted Plaintiff's motion on the grounds that discovery had closed.  *Id.*  For this reason, Plaintiff's Motion to Quash and for Protective Order Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (Doc. # 62) is DENIED.

    Done this the 30th day of August, 2005.

                                          /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir. 1982), the Eleventh Circuit adopted as binding precedent all decisions of Unit B of the former Fifth Circuit handed down after 30 September, 1981.