IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EVA C. MATTHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:03cv567-F |
| | ) | (WO) |
| FRANCIS J. HARVEY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION**

Defendant filed an "*Instanter* Motion and Brief to Produce Plaintiff's Deposition and Exhibits" (Doc. # 85) in this case on December 7, 2005, seeking production of a deposition taken of the plaintiff in another case filed in this court (04-CV-640-F). Defendant contends that he is entitled to production of the deposition and exhibits prior to the mediation conference scheduled for today, December 8, 2005.

The discovery cut-off in this case was October 13, 2005. Defendant offers no explanation as to why his motion to compel was not filed prior to this date and, instead, was presented to the court nearly two months later and less than 24 hours before the mediation in question.[1] See Continental Industries, Inc. v. Integrated Logistics Solutions, LLC., 211 F.R.D. 442, 444 (N.D. Oklahoma 2002); Capozzi v. Gale Group, Inc., 2002 WL 1627626,

---

[1] The deposition at issue reportedly occurred in "October, 2005." Defendant has not argued that the deposition was not completed prior to October 13 as cause for his failure to file a timely motion to compel, nor explained why he waited until December 7 to file this motion.

*1 (D.Conn. 2002); Suntrust Bank v. Blue Water Fiber, L.P., 210 F.R.D. 196, 200-201 (E.D. Mich. 2002).  Nor does defendant contend in his motion that production of the deposition is required pursuant to any previous discovery request.  Rather, he argues that production of the deposition and exhibits is "critical to a successful mediation attempt."

Upon consideration of the motion, and for good cause, it is

ORDERED that defendant's motion (Doc. #85) be and hereby is DENIED.  However, at the mediation conference, the court will expect candid answers from plaintiff to questions regarding the relation of any employment by the City of Dothan to the instant case.

DONE, this 8th day of December, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE